UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

COREY A. ASKEW,

        Plaintiff,

v.

BERRIEN, COUNTY OF et al.,

        Defendants.

Case No. 1:24-cv-1010

Honorable Robert J. Jonker

_____/

**ORDER FOR PARTIAL DISMISSAL, ADDRESSING MOTIONS,
AND FOR PARTIAL SERVICE**

In accordance with the opinion filed this date:

**IT IS ORDERED** that Plaintiff's complaint against Defendants Rankin, Carl, O'Brien, Unknown Party #3, Unknown Party #16, Unknown Party #17, and Unknown Party #18 be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that the following claims against the remaining Defendants be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c): (1) Plaintiff's claims under the Universal Declaration of Human Rights, various United Nations declarations, and the American Declaration of the Rights and Duties of Man; (2) Plaintiff's claims for declaratory relief; (3) Plaintiff's claims under Article I, § 8, clause 10 of the Constitution; (4) Plaintiff's claims under Article VI, clause 2 (the Supremacy Clause) of the Constitution; and (5) Plaintiff's Eighth Amendment claims.

**IT IS FURTHER ORDERED** that Plaintiff's motion to have the United States Marshal serve the complaint (ECF No. 7) is **GRANTED**. The Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail requests for waiver of service to Defendants Berrien County, Bailey, Burkes, Herbert, Magro, Scott Kuhl, Erin Kuhl, Will, Phillips, Dilpert, Helfman, Hyun, and Tarnowski[1] in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that Defendants shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, no Defendant is required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After a Defendant has filed an appearance, proceedings in this case will be governed by the Court's Standard Case Management Order in a Prisoner Civil Rights Case.

**IT IS FURTHER ORDERED** that Plaintiff's motion requesting a copy of the Local Civil Rules at no cost (ECF No. 9) is **DENIED**.

Dated:   November 25, 2024                    /s/ Robert J. Jonker
                                              Robert J. Jonker
                                              United States District Judge

---

[1] Plaintiff's allegations are sufficient to warrant service of the complaint against Defendants Unknown Parties #1, #2, #4, and #5 through #15. However, the Court is unable to order service on those Defendants because Plaintiff has not provided sufficient information to identify them. While the United States Marshal Service is expected to make a reasonable effort to serve identified Defendants on behalf of plaintiffs proceeding *in forma pauperis*, the Marshal Service is not required to identify the individuals to be served. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("[W]hen a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants . . . *once reasonable steps have been taken to identify for the court the defendants named in the complaint*." (emphasis added)).