UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY ASKEW, #248480,

    Plaintiff,          Hon. Robert J. Jonker

v.               Case No. 1:24-cv-1010

COUNTY OF BERRIEN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 42).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part, denied without prejudice in part, and this action terminated.

## BACKGROUND

This case results from Plaintiff's repeated refusal, following his arrest,[1]  to allow law enforcement personnel to record his photograph and fingerprints.

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF).   The events giving rise to this action, however, occurred at the Berrien County Jail (BCJ) where Plaintiff was confined as a

---

[1] Plaintiff does not challenge the legality of his arrest.

pretrial detainee.    Plaintiff initiated this action against: (1) Berrien County; (2) Sheriff Paul Bailey; (3) Lieutenant Cory Burkes; (4) Lieutenant Scott Kuhl; (5) Lieutenant Erin Kuhl; (6) Lieutenant Unknown Hyun; (7) Sergeant/Lieutenant/Captain Celina Herbert; (8) Sergeant/Lieutenant Nicholas Margo; (9) Sergeant/Lieutenant Unknown O'Brien; (10) Sergeant J. Will; (11) Deputy Cody Phillips; (12) Deputy Unknown Dipert; (13) Deputy Unknown Helfman; (14) Deputy J. Tarnowski; (15) Deputy Meagan Rankin; (16) Deputy Unknown Carl; and (17) eighteen Unidentified Parties.    (ECF No. 1).

Plaintiff alleged that Defendants' conduct violated: (1) the Fourth Amendment; (2) the Eighth Amendment; (3) the Fourteenth Amendment; (4) Article I, § 8, clause 10, and Article 6, clause 2, of the United States Constitution; (5) the United States Congressional Act under the International Human Rights Conformity Act; (6) the United Nations Universal Declaration of Human Rights; (7) the United Nations International Covenant on Civil and Political Rights; (8) the United Nations Declaration on the Protection of All Persons from Being Subjected to Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment; and (9) Organization of American States American Declaration of the Rights and Duties of Man.

Most of Plaintiff's claims were dismissed on screening.  (ECF No. 11-12).  At this juncture, only the following claims remain: Plaintiff's Fourth and Fourteenth Amendment claims for monetary damages against Defendants Berrien County, Bailey, Burkes, Herbert, Margo, Scott Kuhl, Erin Kuhl, Will, Phillips, Dipert, Helfman, Hyun,

Tarnowski, and Unknown Parties, #1, #2, #4, and #5 through #15.  (ECF No. 11, PageID.228).    Defendants Berrien County, Bailey, Burkes, Herbert, Margo, Scott Kuhl, Erin Kuhl, Will, Phillips, Dipert, Helfman, Hyun, Tarnowski now move for summary judgment.    Plaintiff has responded to the motion.    The Court finds that oral argument is unnecessary.    *See* W.D. MICH. LCIVR 7.2(d).

**LEGAL STANDARD**

**I.    Failure to State a Claim**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).    As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"    *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).    This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."    If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "    *Id.*    As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from

the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.    Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## II.    Summary Judgment

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   FED. R. CIV. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."   *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-

-4-

moving party's position, however, is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).   Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.   Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### I.    Fourth Amendment Claims

In his complaint, Plaintiff alleges that, between March 18, 2022 and January 20, 2023, he was "subjected to continuous 24/7 in cell video camera surveillance monitoring by male and female deputies and had to perform private bodily functions daily as a result."   (ECF No. 1, PageID.13).   Plaintiff further alleges that he had to perform bodily functions and shower "in the presence of male and female detainees, deputies[,] and administrative staff" because the booking/receiving area cells "all contained a glass wall with a direct view inside the cell."   *Id.*   Finally, Plaintiff alleges that, on July 28, 2022, he was subjected to a strip search and anal cavity search in the presence of other BCJ detainees and male and female deputies.   (ECF No. 1, PageID.14).

Plaintiff's allegations fail, however, to identify any individual who allegedly participated in these events, or who was otherwise responsible for violating his rights. This is fatal to Plaintiff's claims, as it is well understood that Plaintiff must allege personal involvement by those he claims violated his rights.   *See, e.g., Pineda v. Hamilton County, Ohio*, 977 F.3d 483, 490 (6th Cir. 2020).   While there exists an exception to this general rule, Plaintiff has failed to allege facts (or present evidence) sufficient to satisfy such.

For example, if a plaintiff is unable to "identify clearly which [individuals] committed specific acts during [an] incident," but has identified a "small group" of individuals, all of whom "committed allegedly unconstitutional acts within each other's

-6-

presence," such may be sufficient to defeat a motion for summary judgment.  *Id.* at 492-93.   Plaintiff has failed to identify *anyone* who was allegedly involved in or responsible for the events in question.   Moreover, Plaintiff has failed to allege or demonstrate that "circumstances beyond [his] control" prevented him from identifying the individuals in question.   *Id.* at 493.   Accordingly, to the extent Defendants move for summary judgment on Plaintiff's Fourth Amendment claims, the undersigned recommends that Defendants' motion be denied without prejudice and Plaintiff's Fourth Amendment claims instead be dismissed for failure to state a claim.

## II.    Fourteenth Amendment

### A.    Conditions of Confinement

Plaintiff alleges that Defendants subjected him to unconstitutional conditions of confinement.   As the Court previously noted, because Plaintiff was a pretrial detainee when the events in question allegedly occurred, his claims are analyzed under the Fourteenth Amendment rather than the Eighth Amendment.

Because pretrial detainees have not been convicted and, therefore, cannot be "punished," the Fourteenth Amendment requires a slightly lesser showing than the Eighth Amendment.   A plaintiff need only show that the defendant acted with recklessness, described as "more than negligence but less than subjective intent – something akin to reckless disregard."   *Mercer v. Athens County, Ohio*, 72 F.4th 152, 161 (6th Cir. 2023).   Stated differently, a plaintiff must demonstrate that the defendant "acted deliberately (not accidentally), and also recklessly in the face of an unjustifiably

high risk of harm that is either known or so obvious that it should be known." *Greene v. Crawford County, Michigan*, 22 F.4th 593, 606 (6th Cir. 2022). This modified analysis applies to conditions of confinement claims analyzed under the Fourteenth Amendment. *See, e.g., Passarelli v. Stephenson*, 2023 WL 7144571 at *4-5 (W.D. Mich., Oct. 31, 2023). Furthermore, the Court must "consider each defendant individually because we cannot impute knowledge from one defendant to another." *Mercer*, 72 F.4th at 161.

Plaintiff alleges that, between March 25, 2022, and June 24, 2022, Defendants Bailey, Burkes, Herbert, Magro, Scott Kuhl, Erin Kuhl, Will, and Hyun denied his requests for a mattress/bedding and to be transferred to general population. (ECF No. 1, PageID.8 at ¶ 6). Plaintiff next alleges that on April 12, 2022, Defendant Tarnowski confiscated his toilet paper and subjected him to a toilet paper restriction for 6-7 weeks. (ECF No. 1, PageID.8 at ¶ 7). Finally, Plaintiff alleges that on June 24, 2022, Defendants Will and Herbert disregarded a nurse's order to provide P with a mattress, blankets, towels, and a shower. (ECF No. 1, PageID.8 at ¶ 8).

Plaintiff can demonstrate in one of two ways that the conditions of which he complains constituted unconstitutional punishment: (1) by establishing that Defendant expressed an intent to punish or (2) by showing that a restriction or condition he experienced was not rationally related to legitimate penological purpose or was excessive in relation to that purpose. *See J.H. v. Williamson County, Tennessee*, 951 F.3d 709, 717 (6th Cir. 2020). Plaintiff has presented no evidence regarding the first prong. As for the second prong, the evidence presented by Defendants demonstrates that the

conditions about which Plaintiff is complaining were rationally related to a legitimate penological purpose and were not excessive in relation thereto.

On March 23, 2022, a judicial order was entered mandating that Plaintiff be taken into custody so that his fingerprints could be recorded.   (ECF No. 47-2, PageID.523). Plaintiff concedes that, from March 23, 2022, through July 28, 2022, he refused to allow anyone to take his photograph or record his fingerprints.[2]   (ECF No. 47-5, PageID.537).

All new detainees at the Berrien County Jail (BCJ) are required to complete BCJ's booking process.   (ECF No. 47-6, PageID.540-41).   This process is, in part, designed to "positively identify the new inmate, screen for any health needs or risks, and minimize the risk of any. . .harm to the new inmate as well as the general jail population and staff." (ECF No. 47-6, PageID.541).   Following arraignment, all inmates must "be dressed out," which "involves the removal and documentation of the inmate's civilian clothes, a strip search, and issuance of a jail uniform."   *Id.*   Plaintiff refused to participate in this process.   *Id.*   Because Plaintiff "refused to complete the booking procedures and dress out, he was kept in BCJ's booking/receiving cells where all new inmates are housed prior to being admitted into the general jail population."   *Id.*

During this time, Plaintiff also engaged in "numerous acts of assaultive disruptive behavior" including one instance in which he "defecated in his lunch bag and threw it at another inmate."   *Id.*   As a result of this behavior, Plaintiff's "normal food allowance

---

[2] Plaintiff was subsequently convicted of two counts of Refusal to Fingerprint.   (ECF No. 47-5, PageID.538).

was replaced with a loaf" which "consist[ed] of the exact same ingredients as other inmate's meals, pureed and molded [i]nto the shape of a loaf."   (ECF No. 47-6, PageID.541-42).   Plaintiff was provided bedding and toilet paper but both were confiscated after Plaintiff "ignored repeated instructions" to not use these items to "cover the windows of his cell."   (ECF No. 47-10, PageID.557-58).

The circumstances and/or deprivations that Plaintiff experienced were reasonable responses to Plaintiff's repeated recalcitrance and disobedience that did not violate Plaintiff's rights.   *See, e.g., Cox v. Nord*, No. 1:23-CV-324, 2023 WL 6276198 at \*6 (S.D. Ohio., Sept. 26, 2023) (where pretrial detainee experienced a "short-term" deprivation of a mattress, such did not violate the Fourteenth Amendment); *Griffin v. Womack*, No. No. 1:12CV-P195-R, 2013 WL 28669 at \*4 (W.D. Ky., Jan. 2, 2013) ("short term deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the like" do not violate a pretrial detainee's rights); *Vandevelde v. Monroe County Jail*, No. 4:25-cv-10140, 2025 WL 360649 at \*2-3 (E.D. Mich., Jan. 31, 2025) (placing pretrial detainee in segregation does not rise to the level of constitutional violation, likewise "denial of shower and other personal hygiene items for limited period was not actionable").

Accordingly, the undersigned finds that Defendants Bailey, Burkes, Herbert, Magro, Scott Kuhl, Erin Kuhl, Will, Hyun, and Tarnowski are entitled to summary judgment as to Plaintiff's conditions of confinement claims identified above.

Plaintiff also articulated several conditions of confinement claims that must be dismissed. In his complaint, Plaintiff articulates his conditions of confinement claims in paragraphs six through thirteen. (ECF No. 1, PageID.8-9). The only allegations in these paragraphs asserted against an identified individual are those in paragraphs six through eight discussed immediately above. The allegations in paragraphs nine through thirteen, however, fail to identify any individual who allegedly violated Plaintiff's rights. Accordingly, to the extent Defendants move for summary judgment as to such claims, the undersigned recommends that Defendants' motion be denied without prejudice and such claims instead be dismissed for failure to state a claim.

B.      Use of Excessive Force

Plaintiff's allegations of excessive force are contained in paragraphs fourteen through eighteen of his complaint. (ECF No. 1, PageID.10-11). Specifically, Plaintiff alleges that he was twice subjected to excessive force on July 28, 2022.

1.      Use of Excessive Force During a Search

Regarding the first incident, Plaintiff alleges the following. On July 28, 2022, several Defendants entered Plaintiff's cell and informed him that if he did not "submit his fingerprints and mugshots he would be forced to." (ECF No. 1, PageID.10). Plaintiff refused to comply after which he was subjected to a strip search and anal cavity search in the presence of numerous inmates and deputies, including at least three female deputies. *Id.* Plaintiff alleges that this search was accomplished through the use of excessive force. *Id.* Plaintiff fails, however, to identify the individual(s) who allegedly

-11-

subjected him to excessive force.   Accordingly, to the extent Defendants move for summary judgment on these claims, the undersigned recommends that Defendants' motion be denied without prejudice and such claims instead be dismissed for failure to state a claim.

2.      Use of Excessive Force During Photographing and Fingerprinting

With respect to the second incident, Plaintiff alleges the following.   On July 28, 2022, following the search discussed immediately above, Plaintiff was escorted to "the receiving/booking mugshot/fingerprint room."   (ECF No. 1, PageID.10).   Defendants Scott Kuhl, Magro, Phillips, Dipert, and Helfman then employed excessive force in an attempt to obtain a mugshot photograph of Plaintiff.   *Id.*   Specifically, Defendant Magro "employed a one-hand vice-like choke hold on Plaintiff's throat while the other four defendants simultaneously each employed single finger force. . .to apply pressure to nerve points behind Plaintiff's ears, both temples and under his right armpit."   *Id.*

Plaintiff was then escorted to the fingerprint machine by Defendants Scott Kuhl, Magro, and Phillips.   (ECF No. 1, PageID.11).   The handcuff on Plaintiff's right wrist was removed after which Defendant Phillips "attempted to hold Plaintiff's right hand fingers down on the fingerprint scan machine while forcefully squeezing nerve points between his index finger and thumb while [Defendants Scott Kuhl, Magro, Dipert, and Helfman] again simultaneously applied pressure to nerve points at his temples, thighs and under his left armpit."   *Id.*

In support of their motion for summary judgment, Defendants Scott Kuhl and Magro have submitted affidavits regarding the events in question.  (ECF 47-7, PageID.545-47; ECF No. 47-8, PageID.549-51).  In their affidavits, Defendants assert the following.

Plaintiff stated to Defendant Scott Kuhl that "he would not allow [officers] to fingerprint or photograph him."  (ECF No. 47-8, PageID.550).  When Plaintiff was placed in front of the camera, he placed his chin on chest to prevent his face from being photographed.  (ECF No. 47-7, PageID.546; ECF No. 47-8, PageID.550).  Plaintiff "refused repeated instructions . . . to lift his head."  (ECF No. 47-7, PageID.546).  Instead, Plaintiff "went limp" forcing officers to "lift [Plaintiff] up and correctly situate him in front of the camera."  (ECF No. 47-7, PageID.546; ECF No. 47-8, PageID.550).

When Plaintiff was escorted to the fingerprint machine, he "actively resisted by pulling his hand away."  (ECF No. 47-7, PageID.546; ECF No. 47-8, PageID.550).  When officers attempted to hold Plaintiff's hand in place, Plaintiff clenched his hand into a fist and then "dug his fingers into the gel fingerprint pad and damaged it."  (ECF No. 47-7, PageID.546-47; ECF No. 47-8, PageID.550-51).  No further attempts to record Plaintiff's fingerprints were attempted and he was then escorted back to his cell.  (ECF No. 47-7, PageID.547; ECF No. 47-8, PageID.551).

Defendants have also submitted a video recording of the incident in question. (ECF No. 47, Exhibit D).  The video reveals the following.  Plaintiff was escorted into a room and placed against a wall in front of a camera which was attached to the opposite

wall.   Plaintiff stood with his chin on his chest such that his face could not be photographed.   After several seconds an officer placed a hand on Plaintiff's head and attempted to raise Plaintiff's head so that his face could be photographed.   Plaintiff resisted this effort and after only a few seconds, the officer removed his hand from Plaintiff's head.   This encounter was incredibly brief and the officer employed only minimal force.   Plaintiff then allowed his body to go limp and he fell to the floor. Several officers then lifted Plaintiff and oriented his body such that his face could be photographed.

Plaintiff was then placed in a chair while officers prepared to attempt to record Plaintiff's fingerprints.   Plaintiff was subsequently escorted to a work station where the fingerprint scanner was located.   The handcuff on Plaintiff's right wrist was removed and an officer attempted to guide Plaintiff's right hand onto the fingerprint scanner. Plaintiff actively resisted this effort and formed his right hand into a fist.   Several officers attempted to obtain Plaintiff's compliance through the application of minimal force, which Plaintiff actively resisted.   Realizing that further attempts to obtain Plaintiff's compliance would be futile, the officers discontinued their efforts and escorted Plaintiff from the room.

As is well recognized, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of facts for purposes of ruling on a motion for summary judgment."   *Scott v. Harris*, 550 U.S. 372, 380 (2007).   Rather, the Court

-14-

should "view[] the facts in the light depicted by the videotape." *Id.* at 380-81; *see also*, *Whittaker v. Leonard*, No. 1:23-cv-284, 2025 WL 2924594 at *2 (W.D. Mich., Aug. 14, 2025) (same).

As noted above, Plaintiff must present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack*, 434 F.3d at 813-14. Other than assertions which are refuted by video evidence, Plaintiff has failed to present evidence creating a genuine issue for trial. Thus, Defendants have satisfied their burden to demonstrate the absence of genuine factual dispute. Accordingly, Defendants Scott Kuhl, Magro, Phillips, Dipert, and Helfman are entitled to summary judgment on Plaintiff's use of excessive force claims.

### III.    Supervisory Liability and Policy Implementation

Plaintiff alleges that Defendants Bailey and Berrien County implemented policies that violated his rights against excessive force and unconstitutional conditions of confinement. (ECF No. 1, PageID.14-15). To prevail on these claims, Plaintiff must show that he suffered a constitutional injury as a result of "official municipal policy." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Official municipal policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61. While Plaintiff asserts the conclusion that he was injured as a result of certain policies, Plaintiff has presented no evidence concerning the content of any such policies or articulate how such caused his injury. Accordingly, the undersigned recommends that

Defendants Bailey and Berrien County are entitled to summary judgment on these claims.

Plaintiff also alleges that Defendants Berrien County, Burkes, Herbert, Hyun, Magro, Scott Kuhl, Erin Kuhl, and Will failed to properly exercise their supervisory authority resulting in violation of his rights.  (ECF No. 1, PageID.14).  As is well recognized, "[a] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it."  *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016).  Thus, "at a minimum," Plaintiff "must show that the defendant 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'"  *Id.*  Plaintiff has presented no evidence that Defendants encouraged any specific incident of misconduct. Moreover, to the extent Plaintiff alleges that Defendants participated in acts of misconduct, Defendants are entitled to relief for the reasons articulated herein. Accordingly, the undersigned recommends that Defendants Berrien County, Burkes, Herbert, Hyun, Magro, Scott Kuhl, Erin Kuhl, and Will are entitled to summary judgment as to these claims.

## IV.   Unidentified Defendants

Plaintiff initiated this action on September 26, 2024.  In an Opinion and Order dated November 25, 2024, the Court dismissed many of Plaintiff's claims and ordered that the remaining claims be served on Defendants.   (ECF No. 11-12).

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint."   The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within ninety days after the filing of the complaint, "the court—on motion or on its own initiative after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."   *See also*, *Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added).

While Plaintiff is not proceeding as a pauper in this matter, the Court ordered that Plaintiff's complaint be served by the United States Marshal.   (ECF No. 12). Nevertheless, Plaintiff bears the responsibility to "identify and provide an address for the John Doe defendant[s] so that the Court may order service."   *Eden v. Keinath*, No. 2:22-cv-11515, 2022 WL 2812515 at *3 (E.D. Mich., July 18, 2022), *vacated*, No. 2:22-CV-11515, 2022 WL 22945664 (E.D. Mich. Oct. 14, 2022).

Because Plaintiff has failed to provide the Court with the identities of the various unidentified Defendants within the time frame articulated in Rule 4(m), dismissal is appropriate.   *Ibid.*   Accordingly, the undersigned recommends that Plaintiff's claims against Unknown Parties #1, #2, #4, and #5 through #15 be dismissed for failure to timely effect service.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 42) be granted in part, denied without prejudice in part, and this action terminated.   Specifically, the undersigned recommends the following: (1) Plaintiff's remaining Fourth Amendment claims be dismissed for failure to state a claim; (2) Plaintiff's conditions of confinement claims, articulated in paragraphs nine through thirteen of his complaint, be dismissed for failure to state a claim; (3) Defendants Bailey, Burkes, Herbert, Magro, Scott Kuhl, Erin Kuhl, Will, Hyun, and Tarnowski be granted summary judgment as to Plaintiff's conditions of confinement claims articulated in paragraphs six through eight of his complaint; (4) Plaintiff's excessive force claims arising from the July 28, 2022 search be dismissed for failure to state a claim; (5) Defendants Scott Kuhl, Magro, Phillips, Dipert, and Helfman be granted summary judgment as to Plaintiff's excessive force claims arising from the July 28, 2022 attempt to photograph Plaintiff and record his fingerprints; (6) Defendants Berrien County, Bailey, Burkes, Herbert, Hyun, Magro, Scott Kuhl, Erin Kuhl, and Will be granted summary judgment as to Plaintiff's claims regarding supervisory liability and policy implementation; and (7) Plaintiff's claims against Unknown Parties, #1, #2, #4, and #5 through #15 be dismissed for failure to timely effect service.

For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 27, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge